BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:14-CV-01310-MCE-AC |
| Plaintiff, | STIPULATION AND ORDER TO STAY FURTHER PROCEEDINGS |
| v. | |
| APPROXIMATELY $44,200.00 IN U.S. CURRENCY, | DATE:          N/A |
| APPROXIMATELY $3,439.00 IN U.S. CURRENCY, | TIME:          N/A COURTROOM:       N/A |
| APPROXIMATELY $7,777.50 SEIZED FROM CITIBANK CHECKING ACCOUNT NUMBER 40032719714, HELD IN THE NAME OF TIMNESHA WILSON, | |
| APPROXIMATELY $6,001.78 SEIZED FROM CITIBANK CERTIFICATE OF DEPOSIT NUMBER 40070506684, HELD IN THE NAME OF TIMNESHA WILSON, | |
| APPROXIMATELY $2,460.04 SEIZED FROM CITIBANK SAVINGS ACCOUNT NUMBER 40032719722, HELD IN THE NAME OF TIMNESHA WILSON, | |
| APPROXIMATELY $5,066.14 SEIZED FROM WELLS FARGO BANK CHECKING ACCOUNT NUMBER 6916473629, HELD IN THE NAME OF TIMNESHA WILSON, | |
| APPROXIMATELY $3,001.70 SEIZED FROM PATELCO CREDIT UNION SAVINGS ACCOUNT NUMBER 591825-00, HELD IN THE NAME OF TIMNESHA WILSON, | |

1

APPROXIMATELY $2,203.98 SEIZED FROM
PATELCO CREDIT UNION CHECKING ACCOUNT
NUMBER 591825-11, HELD IN THE NAME OF
TIMNESHA WILSON, and

MISCELLANEOUS JEWELRY,

                    Defendants.

        The United States and claimant Jermila McCoy ("claimant") hereby stipulate that a further stay

is necessary in the above-entitled action, and request that the Court enter an order staying all further

proceedings due to an on-going related criminal investigation against claimant.   An Order to stay this

case was entered on September 4, 2014.  ECF No. 8.

        1.      Claimant has filed a claim in this *in rem* forfeiture action, asserting she has an interest, in

whole or in part, and directly, on behalf of, and/or as custodian, for each of the defendant assets in this

action.  ECF No. 6.

        2.      The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2).  The United

States contends that the defendant assets were involved in or traceable to, violations of federal law, 18

U.S.C. § 1028(a)(7) (Fraud and related activity in connection with identification documents,

authentication features, and information) and 18 U.S.C. § 1341 (mail fraud).  Claimant denies these

allegations.

        3.      To date no one has been charged with any criminal offense by state, local, or federal

authorities, and it is the United States' position that the statute of limitations has not expired on potential

criminal charges relating to the fraud scheme.  Nevertheless, the United States intends to depose

claimant McCoy regarding her claim and the allegations as set forth in the complaint.  If discovery

proceeds at this time, claimant will be placed in the difficult position of either invoking her Fifth

Amendment rights against self-incrimination and losing the ability to pursue her claim to the defendant

assets, or waiving her Fifth Amendment rights and submitting to a deposition and potentially

incriminating herself.  If she invokes her Fifth Amendment rights, the United States will be deprived of

the ability to explore the factual basis for the claim she filed with this court.

        4.      In addition, claimant intends to depose, among others, law enforcement involved with

1   this investigation, including but not limited to, the inspectors with the U.S. Postal Inspection Service.

2   Allowing depositions of the law enforcement officers at this time would adversely impact the ability of

3   the federal authorities to investigate the alleged underlying criminal conduct.

4       5.    The parties recognize that proceeding with this action at this time has potential adverse

5   effects on the investigation of the underlying criminal conduct and/or upon the claimant's ability to

6   assert any defenses to forfeiture.  For these reasons, the parties jointly request that these matters be

7   stayed until February 10, 2015, in accordance with the terms of this stipulation.  At that time the parties

8   will advise the court of the status of the criminal investigation, if any, and will advise the court whether

9   a further stay is necessary.

10  Dated:_  11/7/14 _____             BENJAMIN B. WAGNER
                                       United States Attorney

11

12                            By:    /s/ Kevin C. Khasigian
                                       KEVIN C. KHASIGIAN

13                                     Assistant U.S. Attorney

14

15  Dated:_  11/8/14 _____             /s/ Scott A. Sugarman
                                       SCOTT A. SUGARMAN

16                                     Attorney for claimant Jermila McCoy

17                                     (Authorized via email)

18                                **ORDER**

19      For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1) and

20  981(g)(2) until February 10, 2015, in accordance with the terms of this stipulation.  On or before

21  February 10, 2015, the parties will advise the court whether a further stay is necessary.

22      IT IS SO ORDERED.

23  Dated:  November 18, 2014

24

25  _____
    MORRISON C. ENGLAND, JR., CHIEF JUDGE

26  UNITED STATES DISTRICT COURT

27

28

                                                                 3